UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

THE UNITED STATES OF AMERICA    :

       v.    :    07-MC-285-AK

DAVID WILSON,    :
  also known as Cool Wop,
  also known as Cootie,    :
        Defendant.
                      :

FILED
JUL 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO QUASH SUBPOENA SERVED ON METROPOLITAN POLICE DEPARTMENT ("MPD") SEEKING UNRELATED HOMICIDE BALLISTICS EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order quashing the Subpoena issued by defendant Wilson to the MPD or its authorized representatives seeking the ballistics evidence in the investigation of the murder of Andre McCall. The subpoena served on the MPD seeks to compel the production of evidence within the possession of the government that is not discoverable under Federal Rule of Criminal Procedure 16. Accordingly, the subpoena should be quashed as the fruit of an abuse of the Court's legal process. As grounds for this motion, the United States offers the following.

### ARGUMENTS AND AUTHORITIES

1.    Defendant Wilson is charged with a Narcotics and RICO conspiracy. The Federal Indictment alleges numerous narcotics offenses and multiple violent crimes, to include but not limited to murder and Assaults with Intent to Kill, committed by defendant Wilson and his co-

defendant's in furtherance of their conspiracy.

2. Trial in this matter commenced on February 13, 2007. The government is presently in its case-in-chief. A government witness that will be called is Federal Bureau of Investigation ("FBI") Firearms Examiner Steve Casper. In anticipation of Mr. Casper's testimony, Defendant Wilson served a Subpoena on the MPD seeking the production and inspection of a completely unrelated homicide investigation, namely, the murder of Andre McCall.

3. The requested ballistics evidence is not discoverable under Rule 16 and is, in fact, exempted from discovery under Rule 16 (a)(1)(E). Subsection (a)(1)(E) of the rule specifically provides, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant. The mere fact that defendant Wilson has subpoenaed this evidence from the MPD does not make it discoverable. It is a defendant's burden to make a prima facie showing that documents [or evidence] sought under Rule 16(a)(1)(E) are material to preparing the defense. United States v. McGuinness, 764 F. Supp. 888, 894 (S.D. N.Y. 1991). "To establish a showing of materiality, a defendant must offer more than the conclusory allegation that the requested evidence is material." United States v. Ashley, 905 F. Supp. 1146, 1168 (E.D. N.Y.1995) (internal quotations omitted).

4. Federal Rule of Criminal Procedure 17(c) does permit the Court, on a highly specific showing, to permit return of a subpoena served on a third party to produce documents or evidence already in the government's possession before trial. This rule, however, "was not intended to

provide a means of discovery in criminal cases," United States v. Nixon, 418 U.S. 683, 698 (1974), and, accordingly, is applicable only in exceptional cases. United States v. Ferguson, 37 F.R.D. 6, 7-8 (D. D.C. 1965). This Court has the power, however, under Rule 17(c)(2) to quash a subpoena if it is "unreasonable or oppressive." Furthermore, in circumstances of a Subpoenas Duces Tectum seeking documents, those subpoenas are correctly quashed by a court where the seeking party fails to demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a "fishing expedition."

Nixon, 418 U.S. at 699-700. Accord Turner v. United States, 443 A.2d 542 (D.C. 1982); Cooper v. United States, 353 A.2d 696, 701 (D.C. 1976).

5. Defendant Wilson cannot meet his burden. The only applicable provision of Fed. R. Evid. 16(a)(1)(E) is that "(i) the item is material to preparing the defense." Provisions (ii) and (iii) do not apply. Furthermore, defendant Wilson's subpoena amounts to a classic "fishing expedition." In the present case, the murder of Andre McCall is not an indicted offense, not admissible 404(b) evidence, nor is the evidence intrinsic to the conspiracy. Indeed, the government has not presented any evidence even remotely related to the murder of Andre McCall. The defense seeks to inspect and examine this evidence seeking to *hopefully* find evidence useful to their case. Defendant Wilson does not know what the inspection or examination of the McCall ballistics evidence will yield and thus he cannot meet the test of materiality. At best, defendant Wilson can

proffer conclusory allegations of materiality with respect to what the examination will yield. But conclusory allegations of materiality fail to suffice. Ashley, supra, 905 F. Supp. 1146 at 1168. Authorizing defendant Wilson's Subpoena would thus constitutes an impermissible fishing expedition. And such an abuse of this Court's subpoena power is not warranted.

6.   Assuming, *arguendo*, that defendant Wilson has a legitimate interest in seeking the examination and inspection of the ballistics evidence in the murder of Andre McCall, defendant Wilson would still be barred from presenting the results of the inspection and examination of the ballistics evidence in this trial because the evidence would be collateral. Evidence is collateral if the evidence could not independently be introduced in the case for any purpose other than to rebut the contradiction or impeachment of a witness. See 3A Wigmore, Evidence Sec. 1003 (Chadbourn Rev. 1970)(A commonly used test of collaterality asks: "Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction?" citing Tinker v. United States, 417 F.2d 542, 545, n. 16 (C.A. D.C. 1969). The general rule of "specific contradiction" prohibits the admission of extrinsic evidence on a collateral issue. The rule and its application normally arise during cross examination of a witness where the defense attempts to introduce extrinsic evidence on a collateral issue to impeach the witness. The "specific contradiction" rule, states that "a witness may not be impeached by extrinsic evidence (contradiction by another witness or evidence) on a collateral issue." United States v. Pugh, 436 F.2d 222, 225 (D.C. Cir. 1970). This rule serves "to avoid confusion of the issues and undue extension of the trial. This is essentially a matter of administrative policy and concentration of attention." Ewing v. United States, 135 F.2d 633, 643 (D.C. Cir. 1942). The "specific contradiction" rule then is a particular instance of the trial court's general power under Fed. R. Evid. 403 to exclude evidence "if its probative value is substantially outweighed . . . by

considerations of undue delay, [or] waste of time." See 3 Weinstein, Evidence ¶ 607 at 83.

7.      In the present case, and again assuming *arguendo* that defendant Wilson has a legitimate interest in the results of the inspection and examination of the ballistics evidence and assuming that the results are favorable to defendant Wilson, the extrinsic evidence would be used solely to impeach the testimony of a government witness on a collateral matter.  Admitting such extrinsic evidence on a collateral matter would have *de minis* probative value that would be substantially outweighed by considerations of undue delay, or waste of time under Fed. R. Evid. 403.

8.      Although defendant Wilson has a Sixth Amendment right to compel witnesses and testimony on his behalf, that right does not entitle the defendant to ignore the Rules of Criminal Procedure and of Evidence.  See generally Ready v. United States, 445 A.2d 982, 990 (D.C. 1982).  Accordingly, the government moves that the subpoena be quashed consistent with the Federal Rules of Criminal Procedure and the Court's inherent power to safeguard the proper use of its own process.

WHEREFORE, the government respectfully requests that the Court quash the subpoena served on the MPD seeking the inspection and examination of ballistics evidence in the murder of Andre McCall.

                                                  Respectfully submitted,

                                                  JEFFREY A. TAYLOR
                                                  United States Attorney
                                                  D.C. Bar No. 498-610

By:               /s/
                GILBERTO GUERRERO, JR.
                Assistant United States Attorney
                Bar No. KS-19271
                555 4th Street, N.W., Room 4811
                Washington, DC 20530
                (202) 514-7298

                GLENN S. LEON
                Assistant United States Attorney
                555 4th Street, N.W., Room 4112
                Washington, DC 20530
                (202) 305-0174

                ANN PETALAS
                Assistant United States Attorney
                555 4th Street, N.W., Room 4211
                Washington, DC 20530
                (202) 307-0476