UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :
:
v.  :
:  07-MC-285-AK
DAVID WILSON (2)  :
:
:

**FILED**

**JUL 1 1 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DEFENDANT'S MOTION TO COMPEL

David Wilson (hereafter "Defendant") by and through undersigned counsel, hereby moves this Honorable Court to Compel the Metropolitan Police Department to make available all ballistics evidence in relation to the Andre McCall homicide, and states the following in support thereof:

1. At the end of Court proceedings on June 7, 2007 both undersigned counsel approached the bench in an *ex parte* proceeding. Defendant sought to ask this Honorable Court to order the United States to make available ballistics evidence in relation to the homicide of Andre McCall for examination by their firearms expert.[1] The purpose of having the hearing *ex parte* was so that counsel could demonstrate to the Court the materiality of the evidence sought. This Court advised counsel that the proper mechanism to secure such evidence was through the use of a subpoena.

2. Accordingly, **the very next morning,** June 8, undersigned counsel's paralegal, Mr. William McClain delivered and properly served a subpoena on M.P.D. Custodian of Records, Stephen Rubin. This subpoena stated, in relevant part that

> YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

---

[1] Counsel had previously asked Mr. Guerrero to voluntarily make such evidence available for examination, but Mr. Guerrero declined to do so.

>All ballistic evidence from homicide investigation pertaining to Andre McCall, 900 Wahler Place SE, 10/25/98, CSES 13135 CCN 98-603421.
>
>You do not need to appear in court if defense expert William Welch is allowed access to the evidence during his scheduled evidence viewing on June 12, 2007, scheduled through the firearms examinations section of MPD. See attached viewing letter provided for access to other evidence.

Exhibit A. This subpoena commanded MPD to produce the evidence or appear before this Honorable Court on June 12, 2007 at 9:30 a.m.. Counsel attached an Access Letter from Mr. Guerrero. Exhibit A.

    3.    It is now eleven (11) days later, and more than a week after MPD was ordered to produce, or appear before this Court. That notwithstanding, MPD has not responded, nor has it produced the evidence. Thus, MPD is effectively thumbing its nose at a lawful order of this Court.

    4.    Counsel's firearm's expert, William Welch, has spent all of today (6/19) and yesterday (6/18) reviewing the firearms evidence. When counsel learned yesterday evening that Mr. Welch had not been given evidence to the McCall ballistics, he called MPD. He spoke to Jonathan Pope whose job title is "Senior Firearms Examiner, DC Metropolitan Police Department, Forensic Science Division." Mr. Pope had no knowledge of the subpoena. Counsel immediately faxed it to him. Mr. Pope then looked the file up and said that the evidence was not in the possession of his office, and that the Mobile Crimes Unit had custody of it at somewhere called 'Shannon Place.'[2] Mr. Pope stated that counsel's only recourse was to ask Mr. Guerrero to attempt to retrieve the evidence sought.

    5.    Respectfully, this response is nonsensical. Mobile Crimes is a division of MPD.

---

[2] To the best of counsel's knowledge and belief, the defendant convicted in the McCall homicide is still on direct appeal. As such, the evidence is undoubtedly still in existence.

The subpoena was lawfully served on MPD. MPD can easily comply with it; it is in no way incumbent upon counsel or Mr. Guerrero to do MPD's job. Moreover, even if it were true - - and it is not - - this argument might have had some traction a week ago. But in that week MPD has thusfar ignored a lawful order of this Court. Mr. Welch has now completed his testing of all other ballistics evidence sought. As such, he will have to make an additional trip from his home in Bel Air, Maryland to Washington, D.C., at considerable cost to the public fisc to examine this evidence because of, presumably, a mixture of lethargy and incompetence on the part of MPD staff.

**WHEREFORE**, for all the foregoing reasons, and any others that may appear to the Court, Defendant respectfully requests the Court to Compel MPD to produce all ballistics from the McCall Homicide for immediate inspection by counsel's firearms expert.[3]

---

[3] While counsel has not asked specifically for such relief, certainly equity might suggest that this Court impose an additional sanction upon MPD such as ordering they pay the cost of Mr. Welch's additional trip to D.C. to examine the evidence; a trip required solely because of MPD's failure to comply with a lawful subpoena.

Dated: Baltimore, MD
      June 19, 2007

Respectfully submitted,

**LAW OFFICE OF GARY E. PROCTOR**

By:       /S/
_____
Gary Proctor Esq.

Jenifer Wicks, Esq.
DC Bar 465476

The Law Offices of Jenifer Wicks
The Webster Building
503 D Street, N.W. Suite 250A
Washington, D.C. 20001
(202) 326-7100

*Counsel for David Wilson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June 2007, I caused a true and correct copy of the foregoing Motion to be delivered to the parties in this matter via both Email and Electronic Case Filing. Additionally, I have faxed a copy to the General Counsel for MPD.

_____/S/_____
Gary E. Proctor

AO-89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

_____ DISTRICT OF _____

| UNITED STATES | SUBPOENA IN A CRIMINAL CASE |
|---|---|
| V. | |
| DAVID WILSON | CASE NUMBER: 05-cr-100-2 (RWR) |

TO:
Chief of Police or Custodian of Records,
Metropolitan Police Department
300 Indiana Ave NW
Washington, DC 20001

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| 333 Constitution Avenue NW Washington, DC 20001 | 9 |
| | DATE AND TIME |
| | 6/12/2007 9:30 AM |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

All ballistic evidence from homicide investigation pertaining to Andre McCall, 900 Wahler Place SE, 10/25/1998, CSES 13135 CCN 98-603421

You do not need to appear in court if defense expert William Welch is allowed access to the evidence during his scheduled evidence viewing on June 12, 2007, scheduled through the firearms examinations section of MPD. See attached viewing letter provided for access to other evidence.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON (By) Deputy Clerk | 6/8/2007 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Jenifer Wicks 503 D Street NW Suite 250A Washington, DC 20001 (202) 326-7100

Attachment 07-MS-285-AK



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 1, 2007

Karen Wiggins
MPD Firearms Unit
Fax:   202-347-2857                           - - VIA FAX - -

      Re:   <u>United States v. Antwuan Ball, David Wilson, Gregory Bell, Desmond Thurston, Joseph Jones, Dominic Samuels</u>
            Criminal No.   05-CR-100 (RWR), et al .

Dear Ms. Wiggins:

      The above captioned case is a Federal RICO case presently in trial. The case includes multiple murders, other violent crimes, and narcotics distribution. Numerous ballistic evidence was recovered in this case. The ballistic evidence is presently in the custody of the Federal Bureau of Investigation (FBI).

      The defense has requested that the ballistic evidence be made available for viewing and examination by a defense expert. We understand that the defense expert is William Welch. Unfortunately, due to equipment resources, Mr. Welch cannot conduct his examination at the FBI Washington Field Office.

      After speaking to you, I understand that you have no objection to Mr. Welch conducting his examination at your facility. We appreciate very much your cooperation. I have asked FBI Agent Brian Jacob (202-278-2190) to transport the ballistic evidence to your facility on a date and time convenient for you and the defense expert. You should be hearing from Agent Jacob or Mr. Welch shortly.

      Thanks again, and please feel free to contact me with any changes to this arrangement.

                                        Sincerely,

                                        /s/
                              Gilberto Guerrero, Jr.
                              Assistant United States Attorney
                              Desk    202-514-7298
                              Cell     202-305-5498

## RETURN OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| RECEIVED BY SERVER | 06/08/07 | M.P.D Custodian of Records | 300 Indiana Ave. N.W, WASH, D.C. 20001 |
| SERVED | 06/08/07 | M.P.D Custodian of Records | 300 Indiana Ave N.W. WASH, D.C. 20001 |

SERVED ON (PRINT NAME)
Stephen Rubin
*Stephen Rubin* (signature)

SERVED BY (PRINT NAME): William McClain    TITLE: Ivestigator

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER (2)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 06/08/07    *William McClain* (signature)
   Date                 Signature of Server

503 D ST. N.W, WASH, D.C. 20001
Address of Server

ADDITIONAL INFORMATION

---

(1) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

(2) "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".