UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

DAVID WILSON,

Defendant.

Misc. Case No. 07-285 (AK)

**MEMORANDUM ORDER**

Pending before the Court are Defendant David Wilson's Motion to Compel and the Government's Motion to Quash.[1]  Through its motion, Wilson seeks to enforce a subpoena *duces tecum* (hereinafter the "Subpoena") he issued to the Metropolitan Police Department ("MPD") on June 8, 2007, which requested ballistic evidence relating to the murder of an individual named Andre McCall.  The Government's motion seeks to quash this Subpoena.

**Background**

David Wilson ("Defendant" or "Wilson"), along with several co-defendants, has been charged in this court with multiple counts involving racketeering, conspiracy to distribute narcotics, firearms possession, murder and other violent acts.  *See* Superseding Indictment dated 11/16/06 ("Indictment"), docket entry no. 544, *United States v. Ball, et al.*, 05-cr-100 (RWR).  According to the Indictment, Defendant and his co-conspirators engaged in many of their alleged

---

[1]These motions were referred to the undersigned pursuant to the trial court's standing order that "all motions to quash subpoenas filed in connection with *United States v. Ball* shall be referred to Magistrate Judge Alan Kay."  *See* Order dated 1/26/07, docket entry no. 699, *United States v. Ball, et al.*, 05-cr-100 (RWR).

criminal activities in and around the Congress Park neighborhood in the Southeast quadrant of Washington, DC.  (*See id.* at 3.)

The trial against Defendant Wilson began on February 13, 2007.  During the Government's case-in-chief,[2] Defendant Wilson sought to obtain additional ballistic evidence in the possession of MPD relating to the homicide of Andre McCall (hereinafter the "McCall evidence").  Wilson intended to have William Welch, the defense ballistics expert, examine this evidence along with other ballistic evidence the Government had provided to the defendants.

The Government refused to produce the McCall evidence as part of Rule 16 discovery,[3] and Defendant Wilson subsequently sought an order from the trial court compelling production.  In support of this request, on June 7, 2007 counsel for David Wilson made an *ex parte* proffer to the trial court in an effort to demonstrate the materiality of the evidence sought.[4]  The trial court denied the request, and (reportedly) instructed Wilson's counsel that the proper mechanism for seeking the evidence was through a Rule 17 subpoena.

Wilson issued the Subpoena on June 8, 2007 to the MPD custodian of records, Stephen Rubin.  Specifically, the Subpoena sought "all ballistic evidence from the homicide investigation pertaining to Andre McCall, 900 Wahler Place, SE, 10/25/98, CSES 13135 CCN 98-603421."  The Subpoena commanded MPD to produce this evidence by June 12, 2007 in order that the

---

[2] The defense is scheduled to commence August 22, 2007.

[3] From what this Court gathers, the Government maintained (as it now maintains) that this evidence was not discoverable under Rule 16 because it is not "material to preparing the defense."  *See* Fed. R. Crim. P. 16(a)(1)(E).

[4] Wilson's counsel spoke with the trial court *ex parte* in order to avoid revealing any trial strategy.

defense ballistics expert, Mr. Welch, could examine it along with other ballistic evidence produced by the Government.

According to counsel for Wilson, Mr. Welch spent June 18 and 19 reviewing firearms evidence for the defense. On June 19, Wilson's counsel discovered that MPD had never provided the McCall evidence to Mr. Welch. Counsel contacted Jonathan Pope, a firearms inspector at MPD's Forensic Science Division. Mr. Pope told counsel that the evidence was not in the possession of his office, and that the MPD Mobile Crimes Unit had possession of it at a location called "Shannon Place."

### Defendant Wilson's Motion to Compel

Defendant filed the instant Motion to Compel that same day, seeking an order directing MPD to make the McCall evidence available to Mr. Welch. In support of the motion, Wilson claims that the Subpoena was lawfully served on MPD and that, because the Mobile Crimes Unit is a division of the MPD, the evidence is within MPD's control. Wilson also suggests monetary sanctions against MPD to cover Mr. Welch's additional travel expenses necessitated by MPD's failure to provide the evidence. (Mr. Welch had originally planned to test the McCall evidence when he was in town on June 18 and 19.)

### Government's Motion to Quash Subpoena

On June 22, 2007, the Government moved to quash the June 8, 2007 Subpoena. The Government asserts that Defendant Wilson does not meet the burden for seeking materials under Rule 17.[5] In support, the Government argues that Wilson cannot adequately show how the McCall evidence would be material to the present case. The government argues:

---

[5]The Government also argues the McCall evidence is not discoverable under Rule 16.

> [D]efendant Wilson's subpoena amounts to a classic 'fishing expedition.' In the present case, the murder of Andre McCall is not an indicted offense, not admissible under 404(b) evidence, nor is the evidence intrinsic to the conspiracy. Indeed, the government has not presented any evidence even remotely related to the murder of Andre McCall. The defense seeks to inspect and examine this evidence to hopefully find evidence useful to their case.

(Gov't Mot. at 5.) The Government also argues that, even if Wilson has a legitimate interest in seeking the ballistic evidence, it "would be used solely to impeach the testimony of a government witness on a collateral matter." (*Id.* at 7.) According to the Government, extrinsic evidence on a collateral issue is generally not permitted.

### The July 13, 2007 Hearing

The Court held a hearing on this matter on July 13, 2007. Pursuant to the trial court's practice, the Court allowed Defendant to make an *ex parte* proffer as to the relevance and admissibility of the evidence sought. That proffer, made on the record but under seal, will not be recounted in this writing.

### Legal Standard[6]

Federal Rule of Criminal Procedure 17(c), which governs subpoenas *duces tecum* in a criminal case, states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

---

[6] Both in their motions and at the July 13, 2007 hearing, the parties have expressed disagreement over the applicable Rule of Criminal Procedure. The Court applies the standard under Rule 17, as the McCall evidence was sought through a Rule 17 subpoena. Furthermore, according to Defendant, the trial court has already denied his request under Rule 16, instructing him to issue a subpoena under Rule 17.

Fed. R. Crim. P. 17(c)(1).  A subpoena *duces tecum* issued under Rule 17(c) is not intended as a discovery device (which is governed by Rule 16), but to aid the moving party in obtaining relevant evidentiary materials in advance of trial.  *United States v. Libby*, 432 F. Supp. 2d 26, 30 (D.D.C. 2006) (citations omitted).

Rule 17(c) also provides for the quashing or modification of a subpoena *duces tecum* if the court finds that "compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).  Pursuant to this rule, the party seeking the production of documents under Rule 17(c) "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."  *United States v. Nixon*, 418 U.S. 683, 700 (1974).  In assessing the first two hurdles, the court will require that the requested documents be arguably relevant and admissible under the Federal Rules of Evidence.  *See Libby*, 432, F. Supp. 2d at 31 (citation omitted).  A party can clear the specificity hurdle by showing, through rational inferences, a sufficient likelihood that a requested item contains relevant information.  *See Nixon*, 418 U.S. at 700.

### Discussion

Upon consideration of the arguments made by each side, the Court concludes that the evidence sought by Defendant Wilson is arguably relevant and admissible, and was made through an adequately specific subpoena.[7]  The specificity of the Subpoena and the arguable relevance of the materials requested in the Subpoena are not seriously at issue.  The central issue, rather, is whether the McCall evidence is arguably admissible at trial.  The Court finds that it is.  Contrary to the Government's position, the McCall evidence would not be used solely for

---

[7]The Court will refrain from exploring the relevance of the ballistic evidence sought, to avoid possible prejudice to the Defendant's case.  In any event, the arguable relevance of the McCall evidence is not seriously at issue.

impeachment purposes, but is also arguably admissible to disprove certain acts alleged in the Indictment.[8]

For the foregoing reasons, it is on this  13th   day of August, 2007 hereby

**ORDERED** that Defendant's Motion is **GRANTED in part** and the Government's Motion is **DENIED**; and it is

**FURTHER ORDERED** that the Metropolitan Police Department, including the Mobile Crimes Unit, is to immediately review all evidence within its possession, or which it could procure by the exercise of due diligence, of ballistics recovered during the homicide investigation pertaining to Andre McCall, 900 Wahler Place, SE, 10/25/98, CSES 13135 CCN 98-603421 and make such evidence available for examination by the Defendant's expert, William Welch; and it is

**FURTHER ORDERED** that Defendant's request for monetary sanctions is **DENIED**.

**SO ORDERED**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[8] A determination on the *actual* admissibility of the McCall evidence at trial will be made by the trial court.